■ In the Matter of ROY T. RICHTER, Appellant, v MICHAEL A. CARDOZO et al., Respondents. [13 NYS3d 70]—

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered November 12, 2014, denying petitioner's CPLR article 78 petition seeking, inter alia, an order prohibiting respondent Corporation Counsel of the City of New York from providing statutory interpretation and legal direction to the New York City Police Pension Fund Medical Board regarding the application of Administrative Code of City of NY § 13-254, and dismissing the proceeding, unanimously modified, on the law, to vacate so much of the judgment as indicates that the Board of Trustees may not engage in statutory interpretation, and otherwise affirmed, without costs.

In his article 78 petition, petitioner, a trustee on the Police Pension Fund (PPF) Board of Trustees, sought an order prohibiting respondent Corporation Counsel from conveying to the PPF's Medical Board a memorandum outlining his interpretation of the applicable standard under the so-called "safeguards statute" (Administrative Code § 13-254). The statute provides a mechanism for a police officer retired on disability to be reexamined by the Medical Board with an eye toward returning to city employment, either at the retiree's own request or by application of the Board of Trustees. We agree with respondent that the Medical Board is his client and that such a communication falls well within his broad duty to "conduct . . . all the law business of the city and its agencies" (NY City Charter § 394 [a]), and PPF in particular (see Administrative Code § 13-216 [e] [5] [ii]). Contrary to petitioner's argument, the communication is not barred by attorney-client privilege attaching to either the Board of Trustees or petitioner individually.

However, the court erred in concluding that the Board of Trustees is not empowered to differ with its counsel on matters of statutory interpretation and reach its own position on such questions (see Matter of Seiferheld v Kelly, 16 NY3d 561, 568 [2011] ["Of course the trustees should weigh the advice of the City's Law Department in deciding the question, but the decision is theirs, subject to appropriate judicial review"]). Indeed, the Board implicitly interprets the governing statute with each of its individual determinations in the regular course of business. While the Trustees' autonomy in this regard has limited value in the circumstances of this case, in that they are bound by the determinations of the Medical Board under the safeguards statute, the proposition that respondent's interpretation of any statute always trumps the interpretation of an agency is untenable and inconsistent with the basic role of

counsel. Accordingly, the court's decision is modified to the extent of vacating the holding that the Board of Trustees is prohibited from engaging in statutory interpretation. Concur— Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.